COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX. SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 13-*04191-F*

LAWRENCE P. SCHWARTZ, Individually
and on Behalf of a Class,

    Plaintiff

v.

CACH, LLC, SQUARE TWO FINANCIAL
CORPORATION AND J.A. CAMBECE
LAW OFFICES, PC,

    Defendants

**COMPLAINT**

## I. Introduction and Overview of Action

1.      The Plaintiff, Lawrence P. Schwartz ("Schwartz"), brings this action on behalf of himself and on behalf of all others, similarly situated, who reside within the Commonwealth of Massachusetts, who have been sued for alleged credit cards debts by the defendant, CACH, LLC ("CACH"), a debt collector who is unlicensed in the Commonwealth of Massachusetts. CACH's principal business is the high volume purchase of defaulted debt for pennies on the dollar, which it then seeks to collect by filing literally thousands of lawsuits in the trial courts of the Commonwealth of Massachusetts. Square Two Financial Corporation ("Square Two") manages, owns and controls CACH and J.A. Cambece Law Offices, PC ("Cambece"), is the Massachusetts Partners Network" franchise holder who files the collection complaints for Square Two and CACH in Massachusetts.   Schwartz asserts claims for unfair and deceptive debt collection practices, including engaging in the business of a debt collector without first having obtained a license from the Commissioner of Banks, which is a clear unfair trade practice in violation of G.L. Chapter 93A and for wrongfully using the courts in Massachusetts in violation of G.L. Chapter 156D, Section 15.02.

## II. Parties

2.      Schwartz is an individual residing at 25 Westfield Road, West Newton, Middlesex County, Massachusetts 02465.

3.      CACH is a Limited Liability Company, having a usual place of business at 4340 South Monaco Street, 2nd Floor, Denver, State of Colorado, 80237.

4.      Square Two is a corporation organized in Delaware with offices at 4340 S. Manaco Street, 2nd Floor, Denver, State of Colorado 80237, and Square Two manages, owns and operates CACH at its offices with its personnel.

5.      Cambece is the Massachusetts "Partners Network" franchise holder for Square Two who files collection complaints with the Massachusetts' courts, it is a Massachusetts professional corporation with offices at 200 Cummings Center, Suite 173D, Beverly, Essex County, Massachusetts 01915.

6.      Schwartz, along with the other class members, had an alleged credit card debt that was purchased by CACH and/or Square Two.

7.      On or about October 4, 2011, CACH, through its attorneys of the collection law firm of Cambece, first sent a collection letter to and filed a lawsuit against Schwartz in Middlesex Superior Court, being Docket No. 12-01923-H.

8.      CACH has initiated and filed thousands of lawsuits throughout the Commonwealth of Massachusetts, primarily with the District Court Department of the Trial Court, through Square Two "Partners Network" attorney Cambece.

9.      CACH is now and all times material hereto been an unlicensed in the Commonwealth by the Commissioner of Banks to act as a debt collector, and CACH, at all times material hereto, has been transacting business without authority, as CACH has not registered

with the Secretary of the Commonwealth to do business here and, therefore, pursuant to G.L. Chapter 156D, Section 15.02, may not use the courts in Massachusetts.

## COUNT I

### (Declaratory Judgment – G.L. Chapter 231A)

Schwartz restates and realleges the allegations contained in paragraphs 1 through 9 as if fully restated herein.

10.     CACH operates as an unlicensed debt collector in this Commonwealth, which is an unfair trade practice and violation of M.G.L. c. 93A.

11.     CACH uses the courts in this Commonwealth in violation of G.L. Chapter 156D, Section 15.02, which is an unfair trade practice.

12.     Failure of CACH to become a licensed debt collector in the Commonwealth and to qualify to do business in Massachusetts constitutes unfair and deceptive business practices in violation of G.L. c. 93A as well as G.L. Section 28.

13.     A substantial question exists as to whether CACH, Square Two and Cambece may use the courts of the Commonwealth, for which a declaratory judgment should be entered.

14.     A substantial question exists as to whether CACH, Square Two and Cambece violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 894, 18 U.S.C § 1961 and G.L. Chapter 93A, Sections 2 and 9.

## COUNT II

### (Breach of Contract and of the Covenant of Good Faith and Fair Dealing)

Schwartz restates and realleges the allegations contained in paragraphs 1 through 14 as if fully restated herein.

15.    By the above-stated actions, CACH and Square Two have breached its contract with Schwartz as well as with the other class members and has also breached the covenant of good faith and fair dealing to Schwartz and other class members, and they have all incurred monetary damages as a result thereof.

## COUNT III

### (Negligence)

Schwartz restates and realleges the allegations contained in paragraphs 1 through 15 as if fully restated herein.

16.    As above-stated, CACH, Square Two and Cambece owed a duty of care to Schwartz and the other class members, and it breached said duty, which proximately caused monetary damages to Schwartz and other class members.

## COUNT IV

### (Unfair Trade Practices – G.L. Chapter 93A, Sections 2 and 9)

Schwartz restates and realleges the allegations contained in paragraphs 1 through 16 as if fully restated herein.

17.    By the above-stated actions, CACH, Square Two and Cambece have committed unfair trade practices in violation of General Laws, Chapter 93A, Sections 2 and 9, as well as violating rules and regulations and statutes.

18.    The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by or on behalf of CACH Square Two and Cambece.

19.    CACH, Square Two and Cambece conduct trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

20.     On or about August 2, 2013, a demand letter was mailed to the defendants, a copy of which is annexed hereto and marked as Exhibit A.

21.     As a direct result of CACH, Square Two and Cambece's unfair trade practices, as above-stated, Schwartz and other class members have incurred monetary damages plus interest, costs and reasonable attorneys' fees.

COUNT V

(Class Action Certification)

Schwartz incorporates by reference and realleges paragraphs 1 through 21 as if fully set forth herein.

22.     Schwartz brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all Massachusetts consumers who have been sued for a credit card debt in Massachusetts by CACH, an unlicensed debt collector, Square Two and Cambece.

23.     Based on information, it is estimated that there are probably in excess of 1,000 Class Members at most times.

24.     Schwartz's claims are typical of the claims of the Members of the Class. Schwartz and all members of the Class sustained damages as a result of the wrongful conduct for which CACH, Square Two and Cambece are responsible as described in this counterclaim.

25.     Schwartz will fairly and adequately protect the interests of the Members of the Class and he has retained Evans J. Carter, Esq., as legal counsel who is competent and experienced in class action litigation.

26.     A class action is superior to other available methods for the fair and effect adjudication of this controversy.  The damages suffered by many individual Class Members are

-5-

relatively small, albeit significant. The expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

27.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the most prominent question of law and fact common to the Class is whether CACH engaged in unfair trade practices by acting as an unlicensed debt collector in Massachusetts and using the courts in Massachusetts in violation of G.L. Chapter 156D, Section 15.02.

28.    Schwartz knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

29.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

30.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and CACH, Square Two and Cambece would suffer no prejudice as a result of certification and where certification would assure the class members that CACH, Square Two and Cambece would not evade its responsibility in implementing any Court orders.

31.    The names and addresses of all Class Members are available from CACH, Square Two and Cambece and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, Schwartz, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.      That a short order of notice to issued setting down a hearing to consolidate this case with the case of <u>CACH, LLC v. Lawrence P. Schwartz</u>, Middlesex Superior Court, Civil Action No. 12-01923-H.

2.      That after a hearing has been held, this case to be consolidated with Middlesex Superior Court, Civil Action 12-01923-H case.

3.      Award declaratory judgment finding that CACH, Square Two and Cambece have acted as an unlicensed debt collector in Massachusetts and have wrongfully used the courts of the Commonwealth in violation of G.L. Chapter 156D, Section 15.02.

4.      Determine that CACH, Square Two and Cambece have committed breaches of contract, RICO violations and unfair trade practices by filing complaints in the Massachusetts' courts for consumers' credit card transactions.

5.      Declare this action to be a Class Action.

6.      Award to Schwartz and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

7.      Award to Schwartz and to all Class Members treble damages.

8.      Award to Schwartz his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

9.      Debar CACH, Square Two and Cambece from acting as a debt collector or using the courts in Massachusetts.

10.    Award to Schwartz and to all Class Members such other and further relief as this court may deem meet, just and proper.

                                    LAWRENCE P. SCHWARTZ, Individually and
                                    On Behalf of a Class

                                    By his attorneys,


                                    Evans J. Carter, Esq. (BBO # 076560)
                                    Evans J. Carter, P.C.
                                    860 Worcester Road, P.O. Box 812
                                    Framingham, MA 01701
                                    (508) 875-1669
                                    ejcatty1@verizon.net


DATED:  September 20, 2013

-8-

# EVANS J. CARTER, P.C.

Law Offices
Post Office Box 812
Framingham, MA 01701
Telephone: (508) 875-1669
Telefax: (508) 875-1449

E-Mail: ejcatty1@Verizon.net
Office:860 Worcester Road (Rt. 9), 2ᴺᴰ Floor
Framingham, MA 01702

August 22, 2013

_**Certified Mail - Return Receipt Requested**_

Paul Larkins, President of both
CACH, LLC and
Square Two Financial Corporation
4340 S. Manaco Street, 2ⁿᵈ Floor
Denver, CO 80237
         *and*
James Anthony Cambece, Jr., President
J.A. Cambece Law Office, PC
200 Cummings Center, Ste 173D
Beverly, MA 01915

Re:    Lawrence P. Schwartz, Individually and on behalf of a Class
       G.L. CHAPTER 93A, SECTION 2 AND 9 DEMAND LETTER.

Dear Messrs. Larkins and Cambece:

Please be advised hat I am counsel to Lawrence P. Schwartz of 25 Westfield Road, West Newton, Massachusetts, and on his behalf and for all members of a potential class, I am serving this G.L. Chapter 93A demand on both of you for your respective companies.

I have opined that your companies have committed unfair trade practices.

To-wit:

1.     CACH, LLC, formerly known as "Collect America," is a debt collector who is unlicensed in Massachusetts. The fact that the parent corporation is licensed does not waive the requirement that CACH, LLC must be licensed.

2.     CACH, LLC, does business in Massachusetts but has not registered with the Secretary of the Commonwealth. Mass. Gen. Laws ch. 156D, § 15.03(a) provides: "[a] foreign corporation transaction business in the Commonwealth without delivering to the Secretary of State for filing the certificate required by section15.03 shall <u>not</u> maintain a proceeding in any court in the



**EVANS J. CARTER, P.C.**

Mr. Paul Larkins
J. Anthony Cambece, Jr., Esq.
Page No. 2
August 22, 2013

Commonwealth until the certificate is delivered and filed." (Underling added for emphases.) See, Gomes v. Midland Funding, LLC, Suffolk Superior Court, Civil Action No. 11-01469. Square Two Financial Commercial Funding Corporation, a sister corporation to Square Two Financial Corporation, which has registered in Massachusetts but this does not cover CACH, LLC.

3.      J. A. Cambece Law Offices, PC, a franchise owner for Massachusetts in the Square Two Financial Corporation "Partners Network," has hundreds of times made improper threats by taking action that cannot legally be taken under 209 C.M.R. § 18.16(5).

4.      The "Partners Network" and the partners are all in a conspiracy to collect debts, some of which are not owed. J.A. Cambece Law Office, PC, on October 31, 2006, paid $75,000 to the Massachusetts Attorney General's Office and agreed not to continue to violate unfair debt collection practices but has failed to comply with said agreement. See, for example, Harrington v. CACH of Colorado, LLC and J.A. Cambece Law Offices, PC, 508 F.Supp.2d 128 (D. Mass. 2007). (This defendant is another name used by CACH, LLC.)

5.      CACH, LLC, J.A. Cambece Law Offices, P.C. and the so-called Square Two Financial Corporation and its "Partner Network" violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by their scheme, which violates MGLA 265 § 25, 18 U.S.C. § 18 U.S.C. § 894, which are made "racketeering activity" by U.S.C. §§ 1961(1)(A) and (B), respectively.

MGLA 265 § 25 states, in pertinent Part:

> Whoever...by a verbal or written or printed communication maliciously threatens an injury to the person or property of another...with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will, shall be punished by imprisonment in the state prison for not more than fifteen years, or in the house of correction for not more than two and one half years, or by a fine of not more than five thousand dollars,

6.      CACH, LLC, J.A. Cambece Law Offices, PC, and the so-called Square Two Financial Corporation "Partners Network" committed these RICO violations through an association-in-fact enterprise.

7.      This group is an association-in-fact enterprise pursuant to 18 U.S.C. § 1961(4) because the members have associated together for a number of years for the purpose of exhorting money from alleged debtors, such as Lawrence P. Schwartz and other class members. Each member of the enterprise plays a key role in the targeting of victims.

**EVANS J. CARTER, P.C.**

Mr. Paul Larkins
J. Anthony Cambece, Jr., Esq.
Page No. 3
August 22, 2013


Demand is herewith made that each of your companies cease and desist from filing any complaints with the Trial Courts of the Commonwealth of Massachusetts and that you pay the reasonable attorneys' fees Lawrence P. Schwartz incurred in the case of CACH, LLC v. Schwartz, Middlesex Superior Court, Civil Action No. 12-01923-H and dismiss said action with prejudice.

Please note that your companies have thirty (30) days from your receipt of this demand letter to offer a fair and reasonable settlement and any such settlement must be approved by David J. Cotney as the Massachusetts Commissioner of Banks and Martha Coakley, Massachusetts Attorney General.

Trusting that you understand our position. I remain

Very truly yours,

EVANS J. CARTER

EJC/aec

cc:   David J. Cotney, Mass. Commissioner of Banks
      1000 Washington Street, Floor 11
      Boston, MA 02118

      Martha Coakley, Mass. Attorney General
      100 Cambridge Street
      Boston, MA 02114

      John M. Pendegast, Vice President Supervision
      Conference of State Bank Supervisors
      1129 20th Street NW, 9th Floor
      Washington, D.C. 20036

      Raj Date, Deputy Director
      Consumer Financial Protection Board
      1700 G Street, NW
      Washington, D.C. 20552



James Anthony Cambece, Jr., President
J.A. Cambece Law Office, PC
200 Cummings Center, Ste 173D
Beverly, MA 01915

7011 3500 0002 2314 9242



Paul Larkins, President of both
CACH, LLC and
Square Two Financial Corporation
4340 S. Manaco Street, 2nd Floor
Denver, CO 80237

7011 3500 0002 2314 9235

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2013-04191-F

Courtroom Civil F - Ct Rm 510- 200 TradeCenter, Woburn

RE:    Schwartz, Individually And On Behalf Of A Class v CACH, LLC et al

TO:

        Evans J Carter, Esquire
        Evans J. Carter, P.C.
        860 Worcester Rd. PO Box 812
        Framingham, MA 01702

## SCHEDULING ORDER FOR  F  TRACK

    You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 07/18/2015.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 12/25/2013 | 12/25/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 01/24/2014 | |
| All motions under MRCP 12, 19, and 20 | 01/24/2014 | 02/23/2014 | 03/25/2014 |
| All motions under MRCP 15 | 01/24/2014 | 02/23/2014 | 03/25/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 07/23/2014 | | |
| All motions under MRCP 56 | 08/22/2014 | 09/21/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/19/2015 |
| Case shall be resolved and judgment shall issue by 07/18/2015 | | | 07/18/2015 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 09/27/2013

Telephone: 781-939-2769

Michael A. Sullivan
Clerk of the Court

# COMMONWEALTH OF MASSACHUSETTS
## THE SUPERIOR COURT

13-4191

MIDDLESEX, ss.

Docket No.      -
Applicable to All Civil "F" Session Cases

## ORDER OF COURT

All attorneys who have filed an appearance in the Civil "F" Session in Middlesex County (Courtroom 510) shall be required to:

    1. furnish, in writing, a current email address directed to the attention of:

        **Assistant Clerk Martha Fulham Brennan**
        **Middlesex Superior Court – Civil "F" Session**
        **Courtroom 510**
        **200 TradeCenter**
        **Woburn, Massachusetts 01801**

    2. complete the digital form found at the URL address provided at http://tinyurl.com/CourtOrder510.

Counsel shall also notify forthwith the Clerk's Office, in writing, of any change in their/his/her email address.

Finally, if any service and/or Answer are pending, the plaintiff's counsel shall serve a copy of this Order on all other parties and/or their counsel by certified mail - return receipt requested *and* by regular mail.

BY THE COURT,

DENNIS J. CURRAN
Associate Justice

July 1, 2013

**N.B.** *For information about the scheduling of cases and the management of this civil session during the period to which this judge is assigned, please see www.judgedennisjcurran.com.*