UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAWRENCE P. SCHWARTZ, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-12644-FDS |
| v. | ) ) | |
| CACH, LLC; SQUARE TWO FINANCIAL CORP.; and J.A. CAMBECE LAW OFFICES, P.C., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO REMAND

**SAYLOR, J.**

This action arises from an allegedly unlawful attempt to collect a debt. Plaintiff Lawrence P. Schwartz alleges that CACH, LLC, wrongfully attempted to collect alleged credit-card debts from him and other Massachusetts residents by suing them in Massachusetts state courts. Square Two Financial Corp. owns, controls, and manages CACH, and J.A. Cambece Law Offices, P.C., has represented CACH and Square Two in the state-court proceedings.

On September 30, 2013, Schwartz filed a putative class action in Middlesex Superior Court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violation of Mass. Gen. Laws ch. 93A, §§ 2, 9. The complaint also seeks a declaratory judgment under Mass. Gen. Laws ch. 231A that defendants, among other things, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Defendants removed the action to this Court on October 21, 2013, on the basis of federal question jurisdiction and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367.

Plaintiff has moved to remand the action. In the motion to remand, he states that he

"dismisses without prejudice any separate RICO claims that are not a part of the M.G.L. Chapter 93A claims." The Court construes this somewhat opaque statement as an attempted notice of voluntary dismissal or motion for leave to amend the complaint. For the reasons set forth below, plaintiff's motion to remand will be denied and his request for dismissal, whether an attempted notice of voluntary dismissal or a motion for leave to amend, will be deemed ineffective.

**I.     Background**

The facts are stated as set forth in the complaint.

Lawrence Schwartz is a resident of Newton, Massachusetts. (Compl. ¶ 2). CACH, LLC is a limited liability company with offices in Colorado. (Compl. ¶ 3). Square Two is incorporated in Delaware and maintains offices in Colorado. (Compl. ¶ 4). J.A. Cambece Law Offices, P.C. ("Cambece") is a professional corporation with offices in Massachusetts. (Compl. ¶ 5).

On October 4, 2011, attorneys at Cambece sent Schwartz a collection letter on behalf of CACH. (Compl. ¶ 7). That same day, they failed a lawsuit against him in Middlesex Superior Court. (*Id.*). However, CACH was not licensed by the Massachusetts Commissioner of Banks to act as a debt collector and had not registered with the Secretary of State to business here. (Compl. ¶ 9). The complaint cites Mass. Gen. Laws ch. 156D, § 15.02(a), which provides that a foreign corporation that does not file a certificate with the Secretary of State "shall not maintain a proceeding in any court in the commonwealth until the certificate is delivered and filed."[1] The complaint alleges that CACH has initiated and filed thousands of similar lawsuits in Massachusetts. (Compl. ¶ 8).

---

[1] While it has no direct bearing on this memorandum and order, plaintiff appears to confuse limited liability companies and corporations. CACH, a limited liability company, is subject to the requirements of Mass. Gen. Laws ch. 156C, the Limited Liability Company Act. Section 54 of that Act provides that "no action shall be maintained or recovery had" by a foreign unregistered LLC "in any of the courts of the commonwealth as long as such failure continues."

On September 30, 2013, Schwartz filed a putative class action in Middlesex Superior Court seeking a declaratory judgment and alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violation of Mass. Gen. Laws ch. 93A, §§ 2, 9.  Count 1 requested a declaratory judgment under Mass. Gen. Laws ch. 231A. Specifically, it alleges the following:

> 13.    A substantial question exists as to whether CACH, Square Two and Cambece may use the courts of the Commonwealth, for which a declaratory judgment should be entered.
>
> 14.    A substantial question exists as to whether CACH, Square Two and Cambece violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 894, 18 U.S.C. § 1961 and G.L. Chapter 93A, Sections 2 and 9.

(Compl. ¶¶ 13, 14).  Count 4, the claim under Chapter 93A, does not mention the RICO statute.

In its prayer for relief, the complaint seeks, in part, a "determin[ation]" that defendants "committed . . . RICO violations . . . by filing complaints in the Massachusetts' [sic] courts for consumers' credit card transactions."  (Compl. at 7).

Defendants removed to this Court on October 21, 2013, on the grounds of federal-question jurisdiction and supplemental jurisdiction.

## II.    Analysis

A defendant may remove any civil action over which the federal district court has original jurisdiction.  28 U.S.C. § 1441(a).  A district court's original jurisdiction extends, among other things, to claims that arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  If an action includes both federal-law claims and state-law claims, then the district court may exercise supplemental jurisdiction over the state-law claims.  28 U.S.C. § 1441(c).

Whether a claim "arises under" federal law depends on the "well-pleaded complaint"

rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As a general proposition, a suit "arises under the law that creates the cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983) (quotation omitted). A case may also arise under federal law if the state-law right necessarily turns on the construction of federal law. *Merrell Dow*, 478 U.S. at 808.

Here, plaintiff pleaded a cause of action under the state Declaratory Judgment Act, Mass. Gen. Laws ch. 231A. A declaratory judgment is not a cause of action, but a form of relief. *See Ernst & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530, 534 (1st Cir. 1995); *Madden v. State Tax Com.*, 333 Mass. 734, 737 (1956). But the declaration that he seeks is that defendants violated the RICO statute. Such a declaration necessarily requires an interpretation of a federal law. Plaintiff's claim, therefore, arose under federal law, and defendants properly exercised the option to remove that claim, and the supplemental state-law claims, to federal court. Accordingly, plaintiff's motion to remand will be denied.

Plaintiff, however, also requests in his motion to remand that he be permitted to "dismiss without prejudice any separate RICO claims that are not a part of the M.G.L. Chapter 93A claims." This could plausibly be read as an attempt to dismiss his RICO-based declaratory judgment claim, or as a motion for leave to amend his complaint. Whatever the case, the request fails.

A plaintiff may voluntarily dismiss an action, without court approval, if he files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). But he must dismiss the entire action against a particular defendant, not merely some of the claims. *Addamax Corp. v. Open Software Found.*, 149 F.R.D. 3, 5 (D. Mass. 1993);

Moore's Federal Practice: Civil § 41.21.  Plaintiff here seeks only to dismiss the "RICO claims" rather than all claims against any or all of the defendants.

 The proper route to drop some but not all claims is to seek leave to amend pursuant to Fed. R. Civ. P. 15(a).  *Addamax*, 149 F.R.D. at 5.  Under Rule 15, a party may amend its pleading as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f).  With the opposing party's written consent or the leave of court, a party may amend its pleading at other times as well.  Fed. R. Civ. P. 15(a)(2).  Here, plaintiff served the complaint more than 21 days prior to his filing a motion to remand, and it was not until after he filed that motion that defendants moved to compel arbitration and dismiss the action.  Therefore, plaintiff needed the written consent of defendants or the leave of this Court to amend the complaint.  He had neither.

 Accordingly, plaintiff's attempt to dismiss the RICO claims of his complaint must fail.  If plaintiff wishes to file a notice of voluntary dismissal or a motion to amend his complaint, he may do so.  If he chooses the latter course, and ultimately the complaint as amended no longer arises under federal law or otherwise confers subject-matter jurisdiction, this Court may choose, in its discretion, to retain jurisdiction over the supplemental state-law claims or to remand the matter to state court.  *See Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.  In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like.") (internal citations omitted).

### III.     Conclusion

Because the complaint arises under federal law, the Court has subject-matter jurisdiction. Plaintiff's motion to remand is therefore DENIED.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: November 21, 2013