UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAWRENCE P. SCHWARTZ, individually and on behalf of a class,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CACH, LLC; SQUARE TWO FINANCIAL CORP.; and J.A. CAMBECE LAW OFFICES, P.C.,<br><br>　　　　　　Defendants. | Civil Action No.<br>13-12644-FDS |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION

**SAYLOR, J.**

　　This action arises from an allegedly unlawful attempt to collect a debt. Plaintiff Lawrence P. Schwartz alleges that CACH, LLC wrongfully attempted to collect alleged credit-card debts from him and other Massachusetts residents by suing them in Massachusetts state courts. Square Two Financial Corp. owns, controls, and manages CACH. J.A. Cambece Law Offices, P.C. has represented CACH and Square Two in the state-court proceedings. The complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violation of Mass. Gen. Laws ch. 93A, §§ 2, 9. It also seeks a declaratory judgment under Mass. Gen. Laws ch. 231A that defendants, among other things, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

　　Defendants CACH and Cambece have moved to compel arbitration and to stay or dismiss

the litigation.[1]  For the reasons set forth below, the motions to compel arbitration will be granted.

## I. Background

Lawrence Schwartz is a resident of Newton, Massachusetts.  (Compl. ¶ 2).  CACH, LLC is a limited liability company with offices in Colorado.  (Compl. ¶ 3).  Square Two is incorporated in Delaware and maintains offices in Colorado.  (Compl. ¶ 4).  J.A. Cambece Law Offices, P.C. is a professional corporation with offices in Massachusetts.  (Compl. ¶ 5).

On July 23, 2007, Schwartz opened a credit card account with FIA Card Services, N.A. (CACH Memo., Huber Aff. ¶ 1).  According to defendants, that account was governed by a credit card agreement.  (Huber Aff. ¶ 4; Huber Aff., Ex. A).  After Schwartz used the credit card and made payments through January 3, 2011, the account became delinquent.  On September 27, 2011, FIA assigned the account to CACH, which hired Cambece to bring an action against Schwartz.  (Huber Aff. ¶¶ 5-6; Huber Aff., Exs. C, D).

On October 4, 2011, attorneys at Cambece sent Schwartz a collection letter on behalf of CACH.  (Compl. ¶ 7).  That same day, they filed a lawsuit against him in Middlesex Superior Court.  (*Id.*; Huber Aff. ¶ 7).  However, CACH was not licensed by the Massachusetts Commissioner of Banks to act as a debt collector and had not registered with the Secretary of State to do business here.  (Compl. ¶ 9).  Section 54 of the Limited Liability Company Act, Mass. Gen. Laws ch. 156C, provides that "no action shall be maintained or recovery had" by a foreign unregistered LLC "in any of the courts of the commonwealth as long as such failure continues."  The complaint alleges that CACH has initiated and filed thousands of similar lawsuits in Massachusetts.  (Compl. ¶ 8).

On September 30, 2013, Schwartz filed a putative class action in Middlesex Superior

---

[1] Defendant Square Two has not sought to compel arbitration, but has been granted an extension of time to answer or otherwise respond to the complaint until ten days after this Court decides the motion to remand or motions to compel arbitration, whichever is later.  (Dkt. No. 11).

Court seeking a declaratory judgment and alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violation of Mass. Gen. Laws ch. 93A, §§ 2, 9.  Defendants removed the action to this Court, asserting federal-question and supplemental jurisdiction.

Defendants CACH and Cambece have moved to compel arbitration and to dismiss or stay the action.  They contend that the credit card agreement constitutes a valid and enforceable contract.[2]  Plaintiff, in turn, asserts that defendants waived their right to arbitrate by filing the collection actions in state court and because he suffered prejudice by their delay in seeking arbitration.

## II.     Legal Standard

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., governs the enforcement of written arbitration agreements.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (holding that the FAA extends to employment cases for employees other than those engaged in transportation).  It was enacted in order to reverse longstanding judicial hostility to arbitration agreements and to "place such agreements upon the same footing as other contracts." *Allied–Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 271 (1995) (citation and internal quotation omitted); *accord AT & T Mobility LLC v. Concepcion*, — U.S. —–, 131 S.Ct. 1740, 1745–1746 (2011).  When "construing an arbitration clause, courts and arbitrators must 'give

---

[2] Plaintiff has moved to strike the affidavit of Peter Huber, an agent and custodian of records for CACH, on the ground that he is not competent to testify under the Federal Rules of Evidence.  However, the sole case that plaintiff cites is from the Missouri Supreme Court and based on Missouri rules of evidence. *CACH, LLC, v. Askew*, 358 S.W.3d 58 (2012).  Under Fed. R. Evid. 803, which applies here, Huber appears competent to testify about CACH's business records and FIA's record-keeping methods based on his asserted custodial responsibilities and personal knowledge.  *See United States v. Doe*, 960 F.2d 221, 223 (1st Cir. 1992) (holding that a custodian can testify about another business's records if they were relied upon by his business and integrated into the records of his business). (*See also* CACH Opp. Mot. Strike, Ex. A, Supp. Huber Aff.).  Accordingly, the motion to strike will be denied.

effect to the contractual rights and expectations of the parties.'" *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (citation omitted).  The act promotes "a liberal federal policy favoring arbitration agreements . . . . [and] any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

"A party who is seeking to compel arbitration must demonstrate 'that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'"  *Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 474 (1st Cir. 2011). "When an enforceable arbitration agreement exists between the parties, a court may enforce that agreement by staying existing litigation pending arbitration of the parties, 9 U.S.C. § 3, or compelling the parties to arbitrate, 9 U.S.C. § 4."  *DeLuca v. Bear Stearns & Co.*, 175 F. Supp. 2d 102, 106–07 (D. Mass. 2001).

### III.    Analysis

Plaintiff does not contest that the agreement to arbitrate is valid; that defendants are entitled to invoke the arbitration clause; that he is bound by the clause; or that his claims come within the clause's scope.  His sole contention is that defendants waived their right to compel arbitration.[3]

"In considering whether a party has waived its arbitration right, courts are consistently

---

[3] Plaintiff does not contest that if defendants did not waive their right and the claim is subject to arbitration, then he must arbitrate individually rather than on behalf of a class.  The agreement states that plaintiff does "not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim submitted to arbitration . . . .  The parties acknowledge and agree that under no circumstances will a class action be arbitrated." (Huber Aff., Ex. A at 41).  Because a court "can only compel class arbitration if there is a "contractual basis for concluding that [the parties] agreed to do so," *Stolt–Nielsen*, 130 S.Ct. at 1775, and no such basis exists here, the Court will not compel class arbitration.  *See Karp v. CIGNA Healthcare, Inc.*, 882 F. Supp. 2d 199, 207-215 (D. Mass. 2012).

mindful of the strong federal policy favoring arbitration." *Creative Solutions Grp., Inc. v. Pentzer Corp.*, 252 F.3d 28, 32 (1st Cir. 2001). "Waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." *Id.* (quoting *Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, 806 F.2d 291, 293 (1st Cir.1986). To determine whether there was prejudice, courts look to a number of factors, including (1) the length of delay in seeking a stay; (2) the extent to which the party participated in litigation; (3) whether it took a position inconsistent with its arbitration right; (4) how much activity in the litigation has occurred; and (5) whether discovery or other important intervening events have occurred. *Creative Solutions Group, Inc. v. Pentzer Corp.*, 252 F.3d 28, 32-33 (1st Cir. 2001).

Here, plaintiff contends that defendants explicitly waived their right to arbitration by filing two certifications in the state court actions. (Pl. Opp., Ex. 1). However, the certifications merely state that the attorneys discussed dispute-resolution services with their clients in accordance with the rules of the Supreme Judicial Court. They do not constitute a waiver of any rights.

As for implied waiver, defendants' delay in seeking arbitration was minimal. Plaintiff filed his complaint in state court on September 26, 2013. After removing the matter to federal court, CACH and Campece moved to compel arbitration on November 11 and December 12, 2013, respectively. A delay of less than one-and-a-half or two-and-a-half months is hardly excessive. *See Fluehmann v. Associates Fin. Servs.*, 2002 WL 500564 (D. Mass. Mar. 29, 2002) (finding no waiver due to party's three-month delay in invoking arbitration clause); *see also Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 12 (1st Cir. 2003) (finding undue delay where discovery

had closed, trial date was six weeks away, and opposing party was prejudiced by wasted trial preparation). Furthermore, no discovery and little litigation had occurred within that period. Plaintiff, therefore, appears to have suffered little, if any, prejudice.

CACH's decision not to invoke arbitration in the earlier state-court collection actions is not relevant. The contract here provides that either party can elect arbitration as to "any claim." (Huber Aff., Ex. A at 39). It does not require that the parties either litigate all claims or arbitrate all claims. The collection actions, which CACH brought against plaintiff, are distinct from the claims brought by plaintiff here. CACH did not, therefore, waive its right to arbitrate the present dispute. *See Hodson v. Javitch, Block & Rathbone, LLP*, 531 F. Supp. 2d 827, 831 (N.D. Ohio 2008) (holding that prior state court collections action did not constitute waiver of right to arbitrate in later federal court action); *see also Doctor's Associates v. Distajo*, 107 F.3d 126, 134 (2d Cir.1997), *cert. denied*, 522 U.S. 948 (1997) (finding that prejudice "refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate *that same issue*") (emphasis added).

Because plaintiff suffered neither delay nor prejudice, the Court finds that defendants did not waive their right to invoke the arbitration clause. Accordingly, the motions to compel arbitration will be granted.

**IV.     Conclusion**

For the foregoing reasons, plaintiff's motion to strike is DENIED, and defendants' motions to compel arbitration are GRANTED. The matter is referred to arbitration in accordance with the agreement between the parties. The litigation is hereby stayed pending

arbitration.

**So Ordered.**

                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
                                        United States District Judge

Dated:  January 27, 2014